12-848-cv
*Sasaki v. NYU Hosps. Ctr.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand fifteen.

PRESENT:    JON O. NEWMAN,
            JOSÉ A. CABRANES,
                        *Circuit Judges,*
            STEFAN R. UNDERHILL,
                        *District Judge.*[*]

---

ABC, UNITED STATES OF AMERICA, EX REL.
TERENCE SASAKI, RELATOR,

                    *Plaintiffs,*                          12-848-cv

TERENCE SASAKI, M.D.,

                    *Plaintiff-Appellant,*

                    v.

NYU HOSPITALS CENTER AND NEW YORK
UNIVERSITY,[**]

---

[*] The Honorable Stefan R. Underhill, United States District Judge for the District of Connecticut, sitting by designation.

[**] The official caption, following the District Court, erroneously identifies Defendants-Appellees as "New York University Medical Center" and "New York University School of Medicine." The Clerk of the Court is directed to amend the caption as set forth above.

*Defendants-Appellees,*

DEF,

*Defendant.*

FOR PLAINTIFF-APPELLANT:    Terence Sasaki, *pro se*, Fort Dix, New Jersey.

FOR DEFENDANTS-APPELLEES:   Allan N. Taffet and Brian A. Burns, Duval & Stachenfeld LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Lawrence M. McKenna, *Judge*).

  **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

  Plaintiff-Appellant Terence Sasaki, proceeding *pro se*, appeals the District Court's grant of summary judgment in favor of NYU Hospitals Center and New York University on behalf of its School of Medicine (collectively "NYU") on his *qui tam* and retaliation claims under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733. Before the District Court, Sasaki—then represented by counsel—alleged that NYU had defrauded the Veterans Administration ("VA") by billing for medical work that it never performed, and that NYU fired Sasaki in retaliation for reporting the false billing. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

  On appeal, Sasaki argues that the District Court erred in (1) finding that Sasaki had failed to raise a genuine issue of material fact regarding NYU's alleged presentation of "false claims" to the VA in violation of 31 U.S.C. § 3729;[1] (2) finding that Sasaki had failed to raise a genuine issue of

---

 [1] 31 U.S.C. § 3729(a)(1) provides, in relevant part, that "any person who . . . knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval . . . is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000 . . . plus 3 times the amount of damages which the Government sustains because of the act of that person." Section 3729(b)(1) defines "knowingly" to

  (A) mean that a person, with respect to information—

2

material fact regarding NYU's alleged retaliation against him in violation of 31 U.S.C. § 3730(h);[2] and (3) denying Sasaki the opportunity for additional discovery before granting summary judgment.

"[W]e review de novo a grant of summary judgment under Rule 56, construing all evidence in the light most favorable to the non-moving party. . . . We affirm summary judgment only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Willey v. Kirkpatrick*, ---F.3d---, 2015 WL 5059377, at \*8 (2d Cir. Aug. 28, 2015) (quoting Fed. R. Civ. P. 56(a)). We review discovery rulings for abuse of discretion. *Exp.-Imp. Bank of the Republic of China v. Grenada*, 768 F.3d 75, 85 (2d Cir. 2014). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse" is a nonpejorative "term of art").

Upon review, we conclude that the District Court properly denied the requested discovery and granted NYU summary judgment. We affirm for substantially the reasons stated by the District Court in its order of January 25, 2012.

Sasaki's *qui tam* claim rests on his allegations that NYU directed its medical residents to falsify sign-in sheets to make it appear that they were working at the VA when they were not, and that NYU's agreement with the VA required residents to be present for 24 hours on any day for which NYU billed the VA. As the District Court noted, however, the sign-in sheets played no role in NYU's actual billing practices, which made no representations as to the actual hours worked by residents. Moreover, the plain language of the agreement between NYU and the VA expressly permitted residents to be physically absent for certain reasons, and further provided that the VA itself, not NYU's records, would determine whether NYU's residents had satisfied their obligations.

---

        (i) has actual knowledge of the information;
        (ii) acts in deliberate ignorance of the truth or falsity of the information; or
        (iii) acts in reckless disregard of the truth or falsity of the information; and
   (B) require no proof of specific intent to defraud.

[2] 31 U.S.C. § 3730(h)(1) provides, in relevant part, that "[a]ny employee, contractor, or agent shall be entitled to all relief necessary to make that employee, contractor, or agent whole, if that employee, contractor, or agent is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment because of lawful acts done by the employee, contractor, or agent or associated others in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter."

Finally, even if Sasaki had raised a genuine issue of material fact regarding whether NYU presented false claims, he failed to produce any evidence that NYU did so "knowingly."

The failure of Sasaki's *qui tam* action does not necessarily preclude him from seeking protection from retaliation under § 3730(h). But here, too, his case fails as a matter of law. Before the District Court, Sasaki presented evidence suggesting that NYU may have been aware of his FCA-protected conduct by May 2005. But NYU submitted ample and unrebutted evidence that it had independent grounds for terminating Sasaki, including formal warnings about his deficient performance from the neurology and radiology programs in 2003 and 2004, respectively; Sasaki's being placed on probation in October 2004; and his poor evaluations in May 2005. On appeal, Sasaki now argues that the District Court ignored evidence that he engaged in protected activity in 2004. But Sasaki's counseled opposition to summary judgment did not cite to the evidence on which he now relies, and the District Court was "not required to scour the record on its own in a search for evidence when the plaintiffs fail to present it." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 125 (2d Cir. 2013) (internal quotation marks deleted).

The bulk of Sasaki's remaining arguments about his retaliation claim were not raised below. We do not generally consider arguments raised for the first time on appeal, *see Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006), and there is no reason to do so in this case. *See id.* at 506-07 (declining to consider an argument raised for the first time on appeal when plaintiff had "every incentive and opportunity" to raise it in opposition to summary judgment).

Finally, Sasaki complains that "NYU blocked [his] attempts" to discover "the Statute, Law, Directive, and Oversight Contract." Sasaki Br. 31. Sasaki does not cite any District Court order denying discovery of these items, which he seems to have been able to obtain in any case. *See id.* at 3-4 (citing and quoting these items). In his Reply Brief, Sasaki elaborates on his argument to suggest that NYU misled the District Court, which erred as a matter of law in denying discovery. Even if we set aside our rule against considering arguments first made in a reply brief, even by *pro se* litigants, *see Joseph v. Leavitt*, 465 F.3d 87, 93-94 (2d Cir. 2006), Sasaki gives us no reason to believe that the District Court "abused its discretion" in managing discovery.

## CONCLUSION

We have reviewed all of the arguments raised by Sasaki on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 27, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4